**STATE ex FRICK v TAYLOR**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3168.   Decided April 29, 1940.

Mathias H. Heck, Dayton; Francis W. Durbin, Lima; John Fontana, Columbus, for relators.

Thomas J. Herbert, Attorney General, Columbus; John P. Walsh, Asst. Atty. Gen'l., Columbus; Howard Bernstein, Asst. Atty. Gen'l., Columbus, for respondent.

## OPINION

By GEIGER, J.

This action was begun on August 17, 1939, by the filing of a petition in mandamus by the relator in the Court of Common Pleas of Franklin County, Ohio.

It is alleged by the relator, Eugene Frick, that on the 16th day of September, 1936, he was duly appointed by the defendant, The Ohio Department of Liquor Control, to the position of clerk in the State Liquor Store of Dayton; that he is still the lawful incumbent of said position; that the compensation is fixed by law or the rule of the Department and that the tenure of the relator in said position, which was and is in the qualified service of the State, was during good behavior and efficient service.

Relator says that Jacob B. Taylor, Director of the Department, has never determined that the relator's behavior has not been good or his services inefficient or that he has been guilty of any of the enumerated derelictions or of any other failure of good behavior or of any acts of misfeasance; that his services have at all times been satisfactory; that his name, position, salary and qualifications have regularly appeared on the pay roll of the Department and that the qualifications, etc. of the relator by virtue of said records have been furnished by the Department of Liquor Control to the Civil Service Commission; that on account of lack of funds and complications the Civil Service Commission has not conducted a competitive examination for the position of clerk in the various liquor stores in the State and that the relator's position has been filled by him because of his knowledge of the duties of his position and of his efficiency. Relator further says that more than 90 days have elapsed since his original appointment and that he is not a provisional or temporary appointment, his holding of the position and his efficient services therein, his appointment has become and now is, and was at the time complained of, a permanent employment within the classified service of the civil service and that he has no remedy at law.

He further says that the Director of the Department has refused to recognize him as the incumbent of the position or to permit him to perform the work of his position and the Director, for the unlawful purpose and intent, and without any legal right, attempted to and did appoint another in the position formerly held by him, although during all that time he was ready and willing to perform the duties of the position as is well known to the defendant.

He further states that Taylor, Director, notified the relator, in writing, as follows:

"I regret to advise you that your services with this department will be terminated at the close of business 3-22-1939."

Relator says that the said Jacob B. Taylor as such Director did not at any time furnish him with reasons for the attempted removal nor did he give relator any time to make and file an explanation.

The relator prays that a writ of mandamus be issued ordering the defendant to recognize the relator as the lawful incumbent of the position and to assign him the duties of said position and to permit him to perform the functions thereof, and that he be ordered to issue the necessary warrants to the relator for his compensation for the time lost during the period of dismissal and for other relief.

To this petition the respondent answers making certain admissions and for a

FIRST DEFENSE denies that relator was appointed to a position in the classified civil service of the State and denies each allegation not specifically admitted.

SECOND DEFENSE. Respondent as a second defense says that the writ of mandamus should not issue for the reasons, among others: that said relator did not hold a position in the classified

service; did not make every reasonable effort to be restored to his position; that relator is by his laches barred from any right to the relief sought.

THIRD DEFENSE. Respondent says that if relator did hold a position in the classified service such position has by the removal of the relator been abolished in good faith and for the purposes of economy. The prayer is that the petition be dismissed.

The respondent moved that there be stricken as irrelevant the part of the prayer asking that the director be ordered to issue warrants for his compensation for the time during said period of dismissal. This motion was by agreement of counsel sustained and the court permitted the amendment of the petitions by striking the allegation respecting compensation.

A reply to the answer was filed denying all allegations except those which are admissions of allegations of the plaintiff's petition.

The court below upon hearing of the cause upon the petition, answer and reply and evidence, found that the relator was duly appointed as clerk in the Liquor Store of Dayton pursuant to a non-competitive examination and that there was not then an eligible list furnished by the commission from which the Director could or did make any appointment; that the respondent discharged and terminated the services of the relator and has since refused to allow the relator to perform the duties; that relator was a provisional appointee in the classified service and since the provisions of §486-17 or 486-17a were not complied with by respondent, the court finds that the relator was not rightfully dismissed and the Director of the Department of Liquor Control is ordered to restore the relator to his position and to assign him his duties and permit him to perform the functions of the position.

A short bill of exceptions is filed in case No. 3168 which is consolidated with 27 other similar cases enumerated in the bill of exceptions.

It was agreed that in the numbered cases each and every relator was dismissed as shown by Exhibit No. 1, and that each filed an appeal with the commission within the time allowed by law and that on January 29, 1939, the commission denied the right of hearing to provisional appointees on appeal and that thereafter on several occasions relators made demand upon the commission and the appointing officers for reinstatment, which was denied; that each received a letter from the appointing authority, Jacob B. Taylor, dismissing him from his position in the following words, "I regret to advise you that your services with this department will be terminated at the close of business_____, 1939"; that each of the relators was appointed prior to and had worked more than 90 days before their dismissal with two exceptions, who were dismissed in a lesser period.

Exhibit No. 1 discloses the termination of each relator's services and all appointments made in each store since the date of dismissal and a record of sales by months from December, 1938, through October, 1939.

Upon submission of all the stipulated facts, counsel for respondent moved the court for a dismissal of the petitions for the reason that relator has not shown by clear and convincing evidence the duty upon the respondent to continue relator in his employment. Thereupon the relator rested as did the respondent. This constituted all the evidence. Upon consideration the court found in favor of the relators and ordered the respondent to restore each to his position as clerk and permit him to perform the duties of the position.

Motion for new trial was filed and overruled and notice of appeal was given from said order on questions of law.

The single question herein submitted to us is whether or not the relators have stated sufficient facts in their respective petitions which would entitle them to the relief prayed for. It may be noted that the relator does not allege that he had taken any competitive or noncompetitive examination before his appointment. He alleges in lieu of this that he was duly appointed; that

his services were satisfactory; that he was not guilty of any malfeasance; that his position and payment regularly appeared on the payrolls by virtue of which fact the Civil Service Commission had complete information in reference to his qualifications, but that on account of a lack of funds the Commission has not conducted a competitive examination for the position of clerks in the various liquor stores; that more than 90 days elapsed since his original appointment and that he was not a provisional or temporary appointee and that by reason thereof he is a permanent appointment within the classified service of the State.

The answer denies that the relator was appointed to a position in the classified Civil Service and denies other allegations.

The second defense attempts to set up laches which it is alleged bars relator from his position.

We may say at once that there has been no proof of laches and we shall give that no consideration, confining ourselves exclusively to the question as to whether or not the relator was ever appointed under the provisions of the Civil Service law so as to be entitled to restoration to the position.

There have recently been so many cases involving this or simlar questions which are so well known to counsel, that it would be useless for us to examine them in detail.

We might point out a number as follows:

State v Shroy, 135 Oh St 94, related to the appointment and discharge of a clerk in the Bureau of Water Supply, which was within the Civil Service law of the City of Akron. There was there no eligible list and the applicant had not taken a competitive examination before his appointment, but the Civil Service Commission certified that his employment was in accordance with the Civil Service laws of the State. The court there held that under §109 of the amended charter of the City of Akron, persons holding positions pursuant to appointment from an eligible list and those who had continued in the same

position for three years preceding the date of the amendment were protected in their appointment. The court states, "The appellant did not come within either of these requirements and therefore the judgment of the Court of Appeals should be affirmed." That Court had entered judgment for the respondent.

The next case is State ex Slovensky v Taylor, Director, 135 Oh St 602. This was an action in mandamus originating in the Supreme Court where the relator, who alleges in his petition that he was appointed "after taking the noncompetitive examination for provisional appointment", sought a writ commanding the Director of Liquor Control to reinstate him as a liquor store clerk and to certify such appointment to the Civil Service. The court there held that one receiving a provisional appointment under §486-14 GC, in the absence of an eligible list, becomes an appointee in the classified service within the contemplation of §486-8 GC, entitled to retain his position during good behavior until the establishment of an eligible list or until his services are terminated by arrival at the age of retirement or until the abolishment of his position, etc., and being in such classified service, he may not be summarily dismissed but that his removal is governed by §486-17a GC.

State ex Lagedrost v Beightler, Director of the Department of Highways, 135 Oh St 624. The facts in this case were that the relator was appointed by the Director of Highways to a position of truck driver and upon taking a "noncompetive examination" was certified by the Commission and it was alleged that there then existed urgent reasons for filling a vacancy and that the Civil Service Commission was unable to furnish a list of eligible persons; that the relator was appointed by "provisional appointment" and continued in the service until he was notified of the discontinuance of his services when another person was appointed to perform the duties required to be performed by him, which appointment was made without competitive ex-

amination and the relator sought a writ to require his restoration. The demurrer to the petition was overruled and the writ issued on authority of State ex Slovensky.

State ex Conway v Taylor, and State ex Hamilton v Sherwood, 136 Oh St 174. Two similar cases are considered. In substance, in each petition it is alleged that "the relator was provisionally appointed to his position after a noncompetitive examination and approval by the Civil Service Commission of Ohio". This case is an elaboration of the holding of the Court in State ex Slovensky, supra. A demurrer by the respondent to the petition was overruled. This case is so important that we do not feel it sufficient to quote from it. It should be read. The opinion was by the Court, concurred in by four Judges, with a separate concurring opinion by one Judge and a dissenting opinion by another.

State ex Stein v Department of Highways, 136 Oh St 252, was a proceeding in mandamus originating in the Supreme Court, submitted upon demurrer to the relator's petition where in it was alleged that on May 28, 1927, the relator "went to work" for the Highway Department as an unskilled laborer and that in the spring of 1930 he was assigned to drive a truck, which he continually operated until 1939 when he received notice from the Director advising him that his services were being terminated two days later without justification and without complying with the requirements of §486-17a GC. The court there pointed out that the Civil Service of the State is divided into unclassified service and classified service; that as to the unskilled labor class in which the relator claimed to be included, the law provided that vacancies should be filled by appointment from lists of applicants registered by the Commission and that the Commission shall require an applicant in such class to furnish such evidence or take such tests as it may deem proper and that laborers who fulfil the requirements shall be placed upon an eligible list for appropriate employment and that upon request of the appointing officer the Commission shall certify from the highest on the list double the number to be employed. The respondent contended that the amended petition does not allege a compliance with the provisions of Paragraph 2 relating to unskilled employees. The Court held that the petition did not disclose any averment which could be construed as alleging a compliance with the statutory registration requirements and that the relator could not rightfully claim the tenure secured to those persons in the classified service. "A writ of mandamus will be issued only where the relator establishes a clear legal right thereto". The writ was denied.

State ex Lynch v Taylor, 136 Oh St 417, decided March 20, 1940, is of such recent announcement as to be entirely familiar to counsel in this case. The relator seeks a writ of mandamus to restore him to the position of clerk at State Liquor Store in New Lexington and to reinstate his name upon the payroll of the Department. There is an opinion per curiam in which five Judges concur, two separate concurring opinions by two Judges, and a concurring opinion by a single Judge. The facts were similar to those in the present case. The writ was denied. It was held that in order to consummate a provisional appointment, the following steps are necessary, (1) the appointing officer's nomination of a person to the Commission for noncompetitive examination; (2) the Commission's certification of such nominee as qualified after such noncompetitive examination; and (3) the provisional appointment of the nominee so certified. Rehearing denied by Supreme Court, **Ohio Bar, April 15, p. 5.**

On authority of the cases cited and especially on that of State ex Lynch v Taylor, last above cited, the writ of mandamus will be denied. The judgment of the court below will be reversed and the writ denied.

HORNBECK, PJ. & BARNES, J., concur.